FILED
2016 Mar-29 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERY DION TUBBS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Case No.: 2:15 -CV-8022-VEH** |
| ) | (2:08-CR-310-VEH) |
| **UNITED STATES OF** ) | |
| **AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## **MEMORANDUM OPINION**

Jeffrey Dion Tubbs (hereinafter the "Tubbs" or the "defendant") initiated the present action on September 23, 2015, by filing a pro se motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. (Doc.1; the "Motion"). The Motion was filed pursuant to 28 U.S.C. § 2255 and was predicated upon the new rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to an order of this court, on December 2, 2015, the Federal Public Defender for this district entered an appearance on behalf of Tubbs. On that same day, the Government filed a Response (doc. 9) to the Motion.

In its Response, the Government asserted that this is Tubbs's third motion under Section 2255, that it has been brought without permission of the Eleventh Circuit Court of Appeals, and that, accordingly, this court lacks jurisdiction.

On February 12, 2016, Tubbs, through counsel, filed his Reply (doc. 11) to the Government's Response. In that Reply, Tubbs acknowledged his two prior Section 2255 cases, that the Eleventh Circuit has not given him permission to file the instant Motion, and that such prior permission is mandatory. (*Id*.). Tubbs asks this court to "dismiss the instant motion without prejudice or, in the alternative, stay the case." (*Id*. at 3).

Having reviewed the parties' pleadings and the arguments made therein, as well as the applicable law pertaining thereto, the undersigned finds that this court lacks jurisdiction to proceed. "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333 F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, this case will be dismissed without prejudice to allow Tubbs the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion. Tubbs's counsel is well aware of the need for, and procedures governing obtaining,

such permission. (*See* doc. 11).

## ORDER

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Tubbs*, 2:08-CR-310-VEH.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Tubbs is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537

U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Tubbs cannot make the requisite showing in these circumstances. Finally, because Tubbs is not entitled to a COA, he is not entitled to appeal in forma pauperis.

    **DONE** and **ORDERED** this the 29th day of March, 2016.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge